## Watson et al. v. Horlacher Delivery Service, Inc.

*Charles A. Rothman,* for plaintiffs.
*Richard A. Smith,* for defendant.

WINNET, J., January 23, 1942. — When suit was brought, Rule 2002 of the Pennsylvania Rules of Civil Procedure, in its original form, was in effect, and the Bankers & Shippers Insurance Company of New York

was named a party plaintiff, as a real party in interest. On October 29, 1941, the amendment to the rule became effective, and a further exception was added to the rule requiring the prosecution of actions by real parties in interest: "(*d*) Clause (*a*) of this rule shall not be mandatory where a subrogee is a real party in interest."

A petition was thereupon filed by the Bankers & Shippers Insurance Company of New York stating it was an insurance carrier and a subrogee, and asking for leave to drop out as a party plaintiff. An answer was filed denying that the insurance company was a subrogee and stating that it was an assignee.

Rule 2002 was amended because of the criticism which had been lodged against it. Insurance companies which acquired subrogation rights by reason of payment of claims complained that it was prejudicial to require them to disclose their interest and particularly unfair when it was not permitted to disclose that the defense of the case was so often in the hands of an insurance carrier, also the real party in interest. And frequently, where only part of the insured's claim was reimbursed, the insured complained of the burden of the joinder of an insurance company as an additional plaintiff. For the difficulties created by the rule see Wolf et al. v. Gross, 38 D. & C. 413, Hemminger v. Johnson, 39 D. & C. 13, Seman v. West Penn Rys. Co., 40 D. & C. 157, Majors et ux. v. Lucaric, 40 D. & C. 317, and Katzman v. Bennetch, 40 D. & C. 716. To cure the complaint, clause (*d*) was added and it became no longer mandatory to name a subrogee who was a real party in interest a party plaintiff.

Note that the amendment did not except all subrogees, only, "where a subrogee is a real party in interest." If plaintiff Bankers & Shippers Insurance Company of New York is a subrogee and real party in interest, then it should be allowed to drop out as a party plaintiff, so as to avoid the prejudice which apparently

the framers of the rule felt existed in cases of this sort. The written instrument upon which the insurance carrier's rights are founded is attached to the statement of claim. Plaintiff Watson, there acknowledging receipt of $161.12, says: "I hereby subrogate and substitute the said Bankers & Shippers Insurance Company . . . to any rights and action I have . . . against any person . . ." to the extent of the $161.12, and then adds: "I hereby assign and set over the same to it . . . and I hereby authorize and empower" it to bring suit "in its own name" and "recover an amount not exceeding the said sum of $161.12." Words of subrogation and words of assignment are used. The words of subrogation are superfluous, as subrogation arises through operation of law, from the equities of the situation. The insurance company having paid the claim is entitled to be reimbursed from the wrongdoer, so that the ultimate loss will be in accord with the equitable position of the parties. The words of assignment in the receipt did not change the true nature of the insurance company's rights, but did have the effect of making the insurance company, the subrogee, a real party in interest. It had now acquired such an interest in the action, which it could thereafter exclusively control and discharge. A test of a real party in interest is whether the party had such interest in the right of action which it could control and discharge. See Goodrich-Amram Civil Practice §2002(a)-3, note 15. Defendant having knowledge of this instrument could no longer deal exclusively with plaintiff Watson, who could no longer discharge that portion of his original claim against defendant.

The Bankers & Shippers Insurance Company of New York is, therefore, a subrogee and a real party in interest within clause (d) of Pa. R. C. P. 2002 and need not prosecute this action. (The parties have not raised the question whether the amendment applies to pending actions.)

The rule to amend the record is made absolute.